IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TIFFANY HARRIS, individually and on behalf of all others similarly situated, | : CIVIL ACTION FILE NO. |
| Plaintiff, | : |
| v. | : **COMPLAINT – CLASS ACTION** |
| MSPOWERMAIL LLC and ADVOCATE HEALTH, LLC. | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

Plaintiff Tiffany Harris (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by MSPowerMail LLC ("MSPower") who made telemarketing calls for Advocate Health, LLC ("Advocate Health") to market its services by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of these illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the

telemarketing campaign makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3. Plaintiff Tiffany Harris is an individual.

4. Defendant Advocate Health, LLC is a Florida limited liability company located in this District.

5. Defendant MSPowerMail LLC is an Indiana limited liability company.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has jurisdiction over Advocate Health because the company resides here. The Court has specific personal jurisdiction over MSPowerMail LLC because it agreed with Advocate Health to make telemarketing calls on their behalf in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were organized from this District and Defendant resides here.

## TCPA BACKGROUND

The National Do Not Call Registry

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

12. Defendants are a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Plaintiff's telephone number, 205-503-XXXX, is used for residential purposes and is used for personal purposes.

14. That number is not associated with a business.

15. The Plaintiff registered her number on the National Do Not Call Registry in January of 2022.

16. Despite this, the Plaintiff received telemarketing calls from MSPower as part of its calling for Advocate Health, including on January 6 and February 1, 2023.

17. The telemarketing calls inquired about the Plaintiff's age, her current insurance status and if she had any prior existing medical conditions.

18. These questions were asked in order to solicit information so Advocate Health could offer to sell its insurance services to the call recipient.

19. Prior to this filing of this lawsuit, the Plaintiff's lawyer sent a letter regarding the calls.

20. Advocate Health provided the letter to MSPower.

21. MSPower responded and did not deny the calls.

22. However, it claimed that the solicitations calls were made as the result of a visit to a website.

23. The Plaintiff did not visit any such website.

24. The calls were not necessitated by an emergency.

25. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ADVOCATE HEALTH'S LIABILITY FOR MSPOWER'S CONDUCT**

26. The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

27. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

28. In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

29. Advocate Health knowingly and actively accepted business that originated through the illegal telemarketing calls from MSPower.

30. Advocate Health had the ability to identify the fact that MSPower was calling individuals on the National Do Not Call Registry.

31. Moreover, Advocate Health maintained interim control over the actions of the party that made the call.

32.     Advocate Health gave interim instructions to MSPower by providing (a) information regarding the type of candidates they could call, including the geographic region they were in, and (b) the script that MSPower would have to use that would result in a transfer.

33.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).

35.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National DNC Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of either Defendant encouraging the purchase of their goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

36. Plaintiff is a member of and will fairly and adequately represent and protect the interests of this class as Plaintiff has no interests that conflict with any of the class members.

37. Plaintiff and all members of the Class have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance and waste of time.

38. This Class Action Complaint seeks injunctive relief and money damages.

39. The Class as defined above are identifiable through the Defendants' dialer records, other phone records, and phone number databases.

40. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that scripted calls were used and other individuals have lodged complaints about the receipt of the calls.

41. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

42. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendants contacted numbers on the National Do Not Call Registry;

    (b) whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendants' conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

44. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

45. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question

concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

47.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the Do Not Call Registry Class**

48.     Plaintiff incorporates the allegations from paragraphs 1-47 as if fully set forth herein.

49.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

50.     Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

51.     As a result of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are

each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

52. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, using to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: March 29, 2023

PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881